## BARRETT v. MAHNKEN ET AL.

Promissory Notes — Consideration — Duress.

1. A valid consideration for a promissory note may consist of an injury to the payee as well as of a benefit to the maker, or the consideration may be a benefit to a third person.

2. Promissory notes are executed upon sufficient consideration which are given to a woman in consideration of her written release of one who is a son of one of the makers and a brother of another, from all claims for damages which she might have received by reason of his breach of promise to marry her, although he is not a party to the notes, and they were given without any authority from him.

3. To constitute duress by threats, they must be such as would naturally excite such a fear (grounded upon the reasonable belief that the person who threatens has at hand the means of carrying his threats into present execution) as would overcome the will of a person of ordinary courage. It is not sufficient merely that a party has entered into a contract under the influence of a threat.

4. Defendants testified that they would not have executed the notes if plaintiff had not threatened to kill a third person, who was at the time in a distant State, the consideration of the notes being the release of all claims of the payee against such third party for damages for breach of promise of marriage. Held, that the circumstances did not amount to duress.

[Decided March 25, 1897. Commenced in District Court August 26, 1895.]

ERROR to the District Court for Crook County, HON. W. S. METZ, Judge.

Della Barrett, formerly Della Sherwood, brought this action against H. C. Mahnken, D. C. Horning, W. L. Mahnken, and G. W. Rosenbaum, upon two promissory notes executed by the four defendants above named, to Della Sherwood. The defense pleaded was want of consideration, and duress in the execution of the notes. The defendants had judgment, and the plaintiff prosecuted error. The material facts are stated in the opinion.

*M. Nichols,* for plaintiff in error.

The party making the promise need not be the real party in interest. (Pars. on Cont., 7th Ed., Sec. 443, 444; Bolln v. Metcalf (Wyo.), 42 Pac., 12; 44 Pac., 694; Wright v. Mc Kilbrick, 43 Pac., 977; Maud v. Waterhouse, 2 C. & P., 579; Jones v. Ashburnham, 4 East, 455.) The prevention of litigation is a valid consideration. (Pars. Cont., Sec. 438; O'Keson v. Barclay, 2 Pa. St., 531; Robinson v. Gould, 11 Cush., 55; Bishop on Cont., 63; Bank v. Cecil, 32 Pac., 393; Hamaker v. Eberley, 2 Binn., 506.) If the consideration is valuable, it need not be adequate. Compromise of uncertain or conflicting claims is a valid consideration. (Pars. N. & B., 196; 3. Am. & Eng. Ency. L., 831, 837; French v. French, 51 N. W., 147; Harris v. Cassady, 8 N. E., 30; 64 Ind., 146; 5 id., 129; 34 id., 444; 17 id., 621; 31 id., 136; 25 id., 418; 28 id., 431; 16 id., 271.) A note given by disinterested parties is good. (Fosdick v. Vanarsdale, 41 N. W., 931; Pars. N. & B., 200, 10 Mass. 415; Atherton v. Marcy, 13 N. W., 759.) A consideration may be either a benefit accruing to the promisor, or a loss or disadvantage sustained by the promisee. (Day v. Gardner, 7 N. E., 365; Conover v. Stilwell, 34 N. J. L., 54; Churchill v. Bradley, 5 Atl., 191; Williams v. Clements, 1 Taunt., 523; Steers v. Holmes, 79 Mich., 430.) The defendants could not claim anything from the

alleged duress until they returned the release agreement given them by the plaintiff, in consideration of the notes. This they did not do.    (Bank v. Kusworm, 64 N. W., 843.)

*J. L. Stotts* and *N. K. Griggs*, for defendant in error.

The notes were void because procured through fear occasioned by the plaintiff and her friends.    They were without consideration.    1. Because defendants were not authorized to compromise John Mahnken's trouble with the plaintiff; he did not know of the compromise at the time, and at no time did he ratify it.    In order to make the compromise a sufficient consideration for the notes, it must have been one binding upon John Mahnken.    (McGlynn v. Scott, 58 N. W., 460.)    2. There was, in fact, no breach of contract on John Mahnken's part. There was therefore nothing to compromise, as plaintiff had no actual cause of complaint.    A promise not to prosecute a demand, which has no existence in law or fact, is not a good consideration.    (U. S. Mort. Co. v. Henderson, 12 N. E., 88; McKinley v. Watkins, 13 Ill., 140; Mulholland v. Bartlett, 74 id., 58; Headly v. Hockley, 50 Mich., 43; Ormsby v. Howe, 54 Vt., 182; Feeter v. Weber, 78 N. Y., 334; Pitkins v. Noyes, 48 N. H., 294; Palfrey v. R. R. Co., 4 Allen, 55; Mills v. Wyman, 3 Pick, 207; Sullivan v. Collins, 18 Ia., 228; Tucker v. Ronk, 43 Ia., 80; Jarvis v. Sullon, 3 Ind., 289; Long v. Fowl, 42 Mo., 545; Cline v. Templeton, 78 Ky., 550; Pars. N. & B., 199–202.)

CONAWAY, CHIEF JUSTICE.

It is admitted that the notes sued on were executed by all of the defendants in error, but it is claimed that the notes were executed without consideration, and the trial court so finds.

The evidence as to the circumstances which led to the execution of the notes develops a case *sui generis*.    John Mahnken is not a party to either of the notes or to this

suit.   He is a son of one of the parties, H. C. Mahnken; a brother of another, W. L. Mahnken.   It does not appear positively whether G. W. Rosenbaum is a relative or not.   There is testimony indicating, inferentially, that he is an uncle.   D. C. Horning is not a relative — merely a neighbor.   John Mahnken was engaged to be married to plaintiff in error on December 5, 1893.   Prior to that date, it does not appear just how long prior, he requested a postponement of the ceremony on account of the illness of his mother.   This request was refused.   On December 3, he departed for Missouri.   On January 24, 1894, the notes in suit were executed and delivered, and at the same time plaintiff in error executed the following "release: "   "The consideration of the note of $500, and one of $400, and $100 in cash in hand, the value of which is received, we hereby release all claims from John Mahnken for any damages which she might have received for reason of breach of promise to marry her."   John Mahnken returned from Missouri, as nearly as he can remember, about the first of March, 1894.   He testified that defendants in error had no authority from him to make any settlement with plaintiff in error, and that he did not learn of the execution of the notes until after his return.   The trial court rendered judgment for defendants, making the following findings:

"That the notes given in evidence and sued upon by the plaintiff at the time the same were given to the plaintiff did not constitute a settlement of the difficulties and disputes existing between the plaintiff and one John Mahnken."

The court further finds that "said defendants had no authority to make a settlement of the difficulties and disputes existing between the plaintiff and one John Mahnken, nor to give said notes in settlement thereof, and that no settlement in fact of said difficulties has been made, and therefore the court finds that the notes sued upon are without consideration and void."

The finding that defendants had no authority from

John Mahnken is sustained by the evidence. But defendants did not assume to act for John Mahnken. The plaintiff in error made no attempt in her petition to charge him. She had actually released all claims against him by her written instrument, which specified the consideration for such release as the two notes now in suit, and one hundred dollars paid in cash. The trial court finds that this was not a "settlement of the difficulties and disputes existing between the plaintiff and one John Mahnken." It would seem to be immaterial whether it was a settlement of disputes and difficulties or not. It was a release, upon consideration of one thousand dollars, of all claim for damages for the breach of promise to marry plaintiff in error on the fifth day of December. It is urged that John Mahnken was not bound by this contract. He had nothing to release, and no reason is apparent why he should be bound by this instrument. The purpose and effect of this instrument was to release, not to bind him. Plaintiff in error is bound, beyond question, by her written release of all claims for damages, executed upon receipt of a valuable consideration therefor.

It is also urged that the makers of the notes received no consideration therefor. It is not necessary that any benefit should be received by them as a consideration. A valid consideration for a note may consist of an injury to the payee as well as of a benefit to the maker. Or the consideration may be a benefit to a third person.

Several of the defendants testify that they would not have executed the notes if plaintiff had not threatened to kill John Mahnken. They say, in substance, that they executed the notes to settle the matter and keep her from killing John Mahnken. Some of the witnesses say they were afraid that she or some of her relatives would do the murder. There is no evidence of any threat by any one but herself. At the time of the threat John Mahnken was in Missouri, and she and defendants were in Wyoming.

The law recognizes such a thing as duress *per minas*. The law upon this subject is well epitomized as follows:

"Duress by threats exists, not wherever a party has entered into a contract under the influence of a threat, but only where such a threat excites a fear of some grievous wrong, as of death, or great irremediable injury, or unlawful imprisonment, about to be then and there, or at least very shortly, inflicted. The threat must be such as would naturally excite such a fear (grounded upon the reasonable belief that the person who threatens has at hand the means of carrying his threat into present execution) as would overcome the will of a person of ordinary courage." 6 Am. & Eng. Ency. Law, 64.

No authority has been cited going to the extent that a woman can coerce four men in Wyoming by threatening the life of a fifth man, who is at the time in a distant State. Judgment reversed, and case remanded for new trial.

*Reversed.*

POTTER and CORN, JJ., concur.